BOLIN, Judge.
Maria L. Murphy and her husband, Dale R. Murphy, instituted this suit to recover damages for personal injuries to Mrs. Murphy and for related expenses sustained as the result of an automobile collision between the Murphy vehicle and that of defendant, Toni Spitale Lynch (now Coleman). Joined as defendant is Travelers Insurance Company, public liability insurer of the Lynch vehicle. Defendants answered alleging the sole cause of accident was the negligence of Mrs. Murphy; and, in the alternative, that Mrs. Murphy was guilty of contributory negligence barring plaintiffs’ recovery. In written reasons the trial court found both parties negligent and rejected plaintiffs’ claims based on the contributory negligence of Mrs. Murphy. Plaintiffs appeal and we affirm the judgment of the trial court.
The collision occurred at approximately 5:00 p. m., on November 9, 1972, in the 900 block of Olive Street in Shreveport, Louisiana, which street runs generally east and west. At the point of impact Olive is straight and measures 27(4 feet wide, separated into two lanes of travel by a solid white line, the westbound traffic lane measuring 16 feet and the eastbound lane measuring 1114 feet in width.
Plaintiff, Mrs. Murphy, accompanied by her 8-year-old daughter, was traveling west on Olive intending to turn left in the 900 block into the private driveway of a doctor’s office situated on her left on the south side of the street. Defendant, also driving west on Olive, was following the Murphy vehicle. She was alone in her car and there were no other eyewitnesses to the accident,
Mrs. Murphy slowed her vehicle to a stop opposite the driveway into which she intended to turn, and as she commenced the turn Mrs. Lynch passed to her left and the left front fender of the Ford Maverick which plaintiff was driving collided with the right rear fender and bumper of the Volkswagen which defendant was driving. The damage to the vehicles was slight but Mrs Murphy claims she suffered a “whiplash” type of injury which aggravated a previous injury received in an accident on June 13, 1972.
*648 The testimony is conflicting as to the exact manner in which the accident happened. Mrs. Murphy testified that as she approached the driveway to the doctor’s office she slowed and stopped her car about two feet from the white line delineating the lanes of traffic, waiting for eastbound traffic to clear so that she could turn left; that she had previously looked in the inside rearview mirror but had observed no traffic,following her; that she activated the left turn indicator on her car just before she stopped it; that she waited a few seconds until an eastbound vehicle had cleared. Just as she commenced her left turn she glanced out of her left window and saw for the first time the defendant’s Volkswagen which she testified “came out of hardly no where, and it just kind of curved around and the backend of it hit the front of my car.” On cross-examination plaintiff stated she had not moved her car after the collision until a police officer arrived and instructed her to move it. The officer testified that when he arrived plaintiff’s Ford was at an angle with the rear about four feet from the righthand curb of Olive and the front nearer the center line, and that the damage was to the left front quarter of the vehicle.
Contrary to plaintiff’s testimony, Mrs. Lynch testified that when she saw the Murphy vehicle it appeared to be stopped next to the curb; that no turn indicator was on and that she 'had ample room to pass plaintiff’s car in the westbound lane without crossing the solid line; that just as she started to pass plaintiff’s vehicle pulled away from the curb and struck the right rear fender and bumper of defendant’s Volkswagen.
For the purpose of determining whether Mrs. Murphy was guilty of contributory negligence so as to bar plaintiffs’ recovery we shall assume defendant was negligent and that such negligence was a proximate cause of the accident.
The dual responsibility of a motorist who makes a left turn, particularly at a private driveway or similar place other than an intersection, has been defined in Louisiana Revised Statutes 32:104, subds. A and B, and interpreted in numerous cases. In such a situation the motorist is required to exercise a very high degree of care; he must not only give a proper and timely signal, but also must make reasonably certain, after observing both oncoming and following traffic, that the turn can be made with safety. See Wilkinson v. Fidelity and Casualty Co. of New York, 244 So.2d 675 (La.App. 4th Cir. 1971); writ denied and cases cited therein.
We find the left-turn indicator of the Murphy vehicle was either not flashing or had not been activated soon enough to comply with Louisiana Revised Statute 32:104, subd. B, which requires such signal to be given continuously during not less than the last 100 feet traveled by the vehicle before turning.
From the location of the damage to the vehicles it is apparent that the Murphy vehicle turned into the rear of the Volkswagen. The investigating officer’s statement that the Murphy car was only four feet from the right curb and the car was in an “angle” position after the collision, supports this conclusion and lends credence to the version of the accident related by defendant. By her own testimony Mrs. Murphy admitted she only looked in the inside rearview mirror but did not look in her outside rearview mirror nor did she look back over her shoulder. She directed her attention to the parking,lot to. which she was proceeding in order to observe conditions there.
We find that Mrs. Murphy’s admitted failure to look or to observe defendant’s automobile in the act of passing immediately to her left prior to commencing her left turn constituted negligence or fault which was a contributing cause of the accident, barring plaintiffs’ recovery.
For the reasons assigned the judgment is affirmed at plaintiffs’ cost.