576 So.2d 1115 (1991)
Yska ROSSITTO, and Ronald A. Rossitto, Individually and for and on behalf of his minor children, Anthony Rossitto, Angela Rossitto, and Erica Rossitto, Plaintiffs-Appellants,
v.
George W. JINKS and Allstate Insurance Company, Defendants-Appellees.
No. 89-929.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
*1116 Nick Pizzolatto, Jr., Lake Charles, for plaintiffs-appellants.
Tynes, Fraser, Roach & Morris, Maurice L. Tynes, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, C.J., and GUIDRY and DOUCET, JJ.
DOMENGEAUX, Chief Judge.
Yska Rossitto filed this suit for damages against George W. Jinks and his insurer, Allstate Insurance Company, after receiving personal injuries in an automobile accident allegedly caused by Jinks. Rossitto's husband, Ronald A. Rossitto, individually and on behalf of his three children, Anthony, Angela, and Erica Rossitto, asserted claims for loss of consortium. After a jury trial, Rossitto was awarded $107,000.00 in damages, reduced by 30% for her comparative negligence as determined by the jury. The claims for loss of consortium were dismissed.
On appeal, the Rossittos contend the trial court erred in its allocation of fault, award of damages, and dismissal of the consortium claims. Jinks and Allstate neither appealed nor answered the appeal. We affirm in part, reverse in part, and render.

ALLOCATION OF FAULT
The Rossittos argue on appeal that the jury's assessment of comparative negligence was not supported by the evidence. Rossitto and Capt. Gary Lemons of the Lake Charles Police Department were the only lay witnesses to testify at trial. According to their testimony, Rossitto was travelling north through a controlled intersection when Jinks, travelling south toward the intersection, made a left turn in front of her. Rossitto had a green light and was not speeding. The defendants admit the facts as testified to by Rossitto and the eye witness, Lemons, but they contend Rossitto was negligent in failing to keep a proper lookout and failing to act reasonably and prudently under the circumstances.
Under Louisiana's comparative fault principles set forth in La.C.C. art. 2323, a plaintiff's recovery is reduced by the degree or percentage of fault attributed to her by the trier of fact. In apportioning fault, the trier of fact must consider both the nature of conduct of each party at fault and the extent of the causal connection between the conduct and damages. A party who relies upon contributory negligence as a defense bears the burden of proving by a preponderance of the evidence that such negligence was a cause-in-fact of the accident. Jaffarzad v. Jones Truck Lines, Inc., 561 So.2d 144 (La.App. 3d Cir.1990), writ denied, 565 So.2d 450 (La.1990).
We have thoroughly reviewed the record and find no evidence of negligence *1117 on the part of Rossitto that could have caused or contributed to the accident. Rossitto described the accident in her testimony by saying, "Mr. Jinks' car just appeared in front of me, and I slammed on the brakes and ran into his car." Officer Lemons said, "[I]t was one of those split second things where I could see the car coming, and I could see also the car turning, and knew that they weren't going to make it or miss each other."
The defendants failed to present any evidence indicating there was sufficient time for Mrs. Rossitto to take evasive action had she been acting more prudently. In fact, the defendants chose not to present any evidence at all. Rossitto's car left skid marks 26' in length, evidencing her effort to stop in time to avoid the collision. Given the testimony before us, we find the trial court erred in concluding Rossitto was 30% comparatively negligent.

DAMAGES
The Rossittos next contend the jury's lump-sum award of $107,000.00 was inadequate. As a result of the accident, Mrs. Rossitto suffers from chronic cervical strain and pain at the temporamandibular joint (TMJ). She has been unable to return to work and cannot perform the household chores that she once did. Activities with her children and relatives have been curtailed.
The jury determined Rossitto's damages amounted to $107,000.00. After thoroughly reviewing the record before us, we find no abuse of discretion in the jury's lump-sum award. The jury was able to observe Rossitto in court and evaluate the credibility of her testimony. They heard evidence of her sporadic wage history and her medical prognosis. The record reveals a reasonable factual basis for this finding of the trial court and we find no manifest error in the award of damages.

LOSS OF CONSORTIUM
The Rossittos contest the jury's failure to award damages for loss of consortium to Mrs. Rossitto's husband and three children. The compensable elements of damage in a loss of consortium claim are loss of society, sex, service, and support. La.C.C. art. 2315(B); Vidrine v. Government Employees Insurance Co., 528 So.2d 765 (La.App. 3d Cir.1988), writ denied, 532 So.2d 156 (La.1988). While it is true that Rossitto's activities with her husband and children may have been somewhat curtailed on occasion, there was no proof that the marital relationship and the mother-child relationships were adversely affected to any significant degree. Considering the broad discretion of the jury and the evidence in the record before us, we cannot say the dismissal of the consortium claims was clearly wrong.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and rendered. That portion of the jury verdict and judgment finding Yska Rossitto 30% at fault is reversed, and she is found free from fault. That portion of the verdict and judgment awarding $107,000.00 in damages is affirmed. Finally, the dismissal of the loss of consortium claims is affirmed. Costs of this appeal are assessed one-third to George W. Jinks and Allstate Insurance Co. and two-thirds to the Rossittos.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.