640 So.2d 670 (1994)
Debra MIGUES, Individually and as the Natural Tutrix of the Minor Child, Tasha Bahwell, Plaintiff/Appellant,
v.
Shirley HEBERT and State Farm Mutual Automobile Insurance Company, Defendants/Appellees.
No. 93-1509.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
*671 Randall Scott Iles, Lafayette, for Debra Migues et al.
Jill Marie DeCourt, New Iberia, for Shirley Hebert et al.
Before DOUCET, LABORDE, JJ., and BERTRAND[*], J. Pro Tem.
LUCIEN C. BERTRAND, Jr., Judge, Pro Tem.
Debra Migues filed suit on behalf of her minor daughter, Tasha Bahwell, for injuries Tasha sustained in an automobile accident of August 13, 1991. Tasha, then 13, was a guest passenger in a car driven by 18 year old Tracies Duhon. As the Duhon vehicle was proceeding on Main Street in Jeanerette, it struck a vehicle driven by Shirley Hebert, who was attempting to cross Main Street from a private parking lot.
Ms. Migues named as defendants Mrs. Hebert and her insurer, State Farm Mutual Automobile Insurance Co. After trial, the jury apportioned 25% fault to Tracies Duhon and 75% fault to Shirley Hebert and awarded a total of $12,500 in damages for Tasha's injuries and medical expenses. Ms. Migues has appealed, assigning two errors.

APPORTIONMENT OF FAULT
Ms. Migues first argues that the jury erred in assigning 25% fault to Tracies Duhon, the driver who was proceeding on the favored street.
Tracies testified that she was travelling west on Main Street at approximately 25 m.p.h., the posted speed limit, when Hebert's vehicle (facing north) "jetted out from First National Bank" parking lot. She tried to avoid the accident by slamming her brakes, but she could not prevent the front end of her car from hitting the passenger side of Hebert's car. Officer Whitney Veron, who investigated the accident, estimated Tracies' speed to be about 25 m.p.h. (based in part on Tracies' statements at the scene), and he observed approximately 8' of skid marks in Tracies' lane of travel.
*672 Mrs. Hebert testified that after leaving the parking lot she intended to cross both lanes of traffic on Main Street, veering to the right in a "zig zag" maneuver to reach Bourg Street. She stated that her view of traffic on Main Street was obstructed by cars that were parked along the street to her left and her right at the parking lot exit. She, therefore, "nosed up" so that the front end of her car slightly protruded into the east bound lane of Main Street. After looking both ways, she did not see any traffic and began accelerating across the street. She stated that she next saw a white flash in a corner of her eye just before the Duhon vehicle broadsided her car in the middle of its passenger side. She expressed her belief that Tracies could have avoided the accident; however, she could not state that Tracies was speeding.
A summary of the respective duties of each motorist in the instant situation can be found in Valin v. Barnes, 550 So.2d 352 (La.App. 3d Cir.), writ denied, 552 So.2d 399 (La.1989):
"A motorist who is about to enter a roadway from a private driveway is required to yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. LRS 32:124. Unusual, extreme, and high care toward favored traffic is required of such a motorist under the case law. [Emphasis supplied.] See Travelers Insurance Company v. Harris, 294 So.2d 588 (La.App. 4th Cir. 1974); Holland v. United States Fidelity & Guaranty Co., 131 So.2d 574 (La.App. 2d Cir.1961); Garcia v. Anchor Casualty Company, 148 So.2d 371 (La.App. 1st Cir. 1962). Conversely, the duty of the driver on the favored street toward the intruding motorist is the much lesser ordinary care and that driver generally may rely on the assumption or presumption that those vehicles entering the roadway from less favored positions such as a private drive will not drive into the path of favored traffic. The motorist who is otherwise proceeding lawfully on the favored street is not required to look out for or search in anticipation of careless drivers who might enter his right of way from a private driveway in violation of the statute. Gutierrez v. Columbia Casualty Co., 100 So.2d 537 (Orl.App.1958); Vidrine v. Simoneaux, 145 So.2d 400 (La.App. 3d Cir.1962). The presumption or assumption may not be relied on by a motorist who is proceeding unlawfully before or after he sees the intruding vehicle. See Joseph v. Boudreaux, 230 So.2d 352 (La.App. 1st Cir.1969); Cole v. Maryland Casualty Company, 205 So.2d 863 (La.App. 3d Cir.1968); and Blashfield, Automobile Law and Practice, § 120.27 (1970), and Louisiana cases cited therein."
550 So.2d at 355, quoting Davis v. Galilee Baptist Church, 486 So.2d 1021, 1023 (La. App. 2d Cir.1986).
The burden of proving circumstances, such as speed, which caused or contributed to the accident is on the driver intruding into a favored street in violation of La.R.S. 32:124. Davis, supra; Rossitto v. Jinks, 576 So.2d 1115 (La.App. 3d Cir.1991).
Defendants sought to prove that Tracies could have avoided the accident had she operated her vehicle at a safe speed and maintained a proper lookout. However, we cannot conclude that the defendants proved that Tracies was operating her vehicle at an excessive speed. Mrs. Hebert did not testify that Tracies was speeding, and there were no other witnesses to the accident who were called to testify. Defendants also cite Tracies' testimony that she and Tasha waved to several people they knew as they drove around town that afternoon; yet, we find no proof that Tracies was distracted by a friend immediately before the accident.
Mrs. Hebert, as the driver intruding into traffic on a favored street, had a duty to proceed with extreme care as her desired conduct presented the greater risk of harm. After inching up through the parked cars, Mrs. Hebert was in a better position to assess traffic on Main Street. She admitted that she had the opportunity to view the road before she proceeded, yet she did not see Tracies' vehicle until after she began accelerating across the street. We find the jury was manifestly erroneous in assessing any fault to Tracies Duhon, in the absence of any evidence that Tracies was operating her vehicle in an improper manner. See Rossitto *673 and Davis, supra. The judgment in favor of Ms. Migues is hereby amended accordingly.

DAMAGES
Tasha testified that upon impact, she struck her head twice against the windshield, even though she was wearing her seatbelt. The injuries she claims to have suffered as a result of the accident are neck and shoulder pain and eventually TMJ problems that produced daily headaches, nausea and dizziness. Tasha was treated by several specialists including a neurosurgeon, a chiropractor, two neurologists and an orthodontist. Ms. Migues argues that the jury erred in awarding a lump sum of only $12,500, when Tasha's past medicals totalled $4,113.99 and she was in need of future orthodontic care costing up to $4,300.
At trial, the primary disputed issues were whether Tasha's TMJ problems were caused by the accident and whether future orthodontic care was necessary and reasonable. Defendants have shown that Tasha did not specifically complain of pain in her jaw until three months after the accident, although she immediately sought emergency and chiropractic treatment. They also argue that Tasha's medical history of chronic sinus problems and bronchitis, as shown by Tasha's excessive absences from school, indicate that Tasha would most likely develop TMJ problems at some time in her life, regardless of the injuries sustained in this accident. Finally, the defendants claim that Tasha's injuries cannot be that severe because she achieved excellent results with splint therapy, her headaches returning only after she misplaced her splint for several months.
Before an appellate court can disturb an award made by the trial court, the record must clearly reveal that the trier of fact abused its discretion in making the award. In the event the appellate court finds from the record an abuse of discretion, the award may be disturbed by lowering it to the highest point or raising it to the lowest point which is reasonably within the discretion afforded the trier of fact. Berthelot v. Leday, 606 So.2d 1 (La.App. 3d Cir.1992).
After carefully reviewing the entirety of the evidence, we must conclude that the award constitutes an abuse of discretion. By awarding an amount substantially higher than Tasha's past medicals, the jury presumably concluded that Tasha proved that her TMJ problems were related to the accident, despite her strong predisposition to the disorder. This conclusion is entirely supported by the record. Although Dr. Robert Chastant, Tasha's treating orthodontist, admitted her predisposition to TMJ dysfunction, he stated that his observations indicated that Tasha's current problems were the result of recent trauma rather than gradual deterioration of her jaw. He also stated that the popping and clicking that Tasha experienced after the accident were early signs of TMJ disorder. Tasha herself admitted to chronic bronchitis and sinus problems, but she denied headaches on a frequent basis or clicking in her jaw before the accident. Further, none of the physicians who treated Tasha before the accident recorded any notation of jaw pain or clicking.
When a tortfeasor's negligent act aggravates a pre-existing injury or condition, he must compensate the victim for the full extent of the aggravation. Breaux v. Maturin, 619 So.2d 174 (La.App. 3d Cir.1993). When we consider the amount of past medicals and the fact that Tasha's injuries included both a cervical strain and TMJ disorder, we find the remaining amount for general damages is abusively low. However, we do agree with defendants that Tasha failed to prove the need for future orthodontic care as a result of the accident. This is based on Dr. Chastant's testimony that orthodontics is only one option available to TMJ patients and on the evidence in the record that Tasha's condition greatly improved with the use of the splint only. Tasha will need future visits with Dr. Chastant for adjustments and maintenance of her splint.
In Breaux, supra, both a mother and her minor daughter sustained TMJ injuries in a rear end collision. The jury awarded the mother $20,000 for her injuries, but failed to make any award for the daughter. This court held that the jury abused its discretion as to the daughter's TMJ dysfunction and *674 awarded her a lump sum of $25,000, which amount included past medicals of $6,632.03 and unspecified future medicals. We note several similarities between Breaux and the instant case. Like Tasha, the daughter in Breaux, was predisposed to develop TMJ dysfunction, but she did not suffer from that condition nor did she receive any treatment for it prior to the accident. The daughter did not immediately report TMJ problems (waiting six weeks after the accident), but she was treated by a chiropractor for neck pain during that period.
In Berthelot, supra, the plaintiff did not see a TMJ specialist until six months after the accident and only haphazardly followed her prescribed treatment, which was stopped six months later because she was not consistently wearing her splint. In that case, we reduced the lump sum award from $35,000 to $15,000, and in so doing, we expressly disapproved of assigning minimum values for specific injuries. In Lejeune v. Cook, 563 So.2d 1218 (La.App. 1st Cir.1990), the court affirmed as adequate an award of $12,500 in general damages plus $3,600 in past and future medical expenses, where the plaintiff did not seek treatment for TMJ problems until three months after the accident and his headaches completely resolved within weeks of using his splint.
After reviewing the record and jurisprudence of truly similar cases, we find the lowest amount that would compensate the plaintiff for Tasha's past and future medical expenses, cervical strain and TMJ disorder is $20,000.
For the above reasons, the judgment in favor of Debra Migues, individually and as natural tutrix of the minor, Tasha Bahwell, is amended to delete any fault assigned to Tracies Duhon and to increase the damages awarded to $20,000. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to defendants-appellees, Shirley Hebert and State Farm.
REVERSED IN PART; AFFIRMED AS AMENDED IN PART.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.