liDOUCET, Judge,
dissenting.
While I agree with the majority that the general damage award in this case is on the low side, I do not find it so low as to justify the increases awarded. The majority opinion raises the general damage award to plaintiff, Rumae Andrus, from $25,000.00 to $200,-000.00, relying on a number of cases in which *283 they contend the plaintiffs suffered similar injuries. I do not find the injuries suffered by all the plaintiffs involved to be equable. Further, as our supreme court stated in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993):
In Reck v. Stevens, 373 So.2d 498 (La.1979), this Court commented on appellate review of general damage awards and on the “much discretion” in fixing damages accorded to trial courts by La.Civ.Code art. 1934(3) (1870). The decision pointed out that the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
In Reck, this court disapproved the appellate court’s simply reviewing the medical evidence and then concluding that the award for those injuries was excessive, without taking into consideration the particular effect of the particular injuries on the particular plaintiff. This court further disapproved of the use of a scale of prior awards in cases with genetically similar medical injuries to determine whether the particular trier of fact abused its discretion in the awards to the particular plaintiff under the facts and circumstances peculiar to the particular 12case. The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the “much discretion” of the trier of fact. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indem. Co. of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967). Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Bitoun v. Landry, 302 So.2d 278 (La.1974); Spillers v. Montgomery Ward & Co., 294 So.2d 803 (La.1974). [footnote omitted, emphasis mine]
The damage award in this case was made by a jury who had the opportunity to hear all of the testimony and to observe the demeanor of the different witnesses as they testified; a luxury which an appellate court does not have. I do not believe the medical evidence and lay testimony introduced was so overwhelmingly in plaintiffs’ favor so as to justify our increasing the jury’s award.
Further, even if I was inclined to raise the jury’s award, I do not find the cases cited by the majority support a general damage award of $200,000.00.
As to the award for the loss of consortium to Mr. Andrus, I, as the jury apparently did, do not find that he proved his right to such damages by the preponderance of the evidence. The record reflects Mrs. Andrus was 5' 8" tall, weights 240 pounds, had a preexisting, serious nervous disorder and stomach ulcer problems dating back to her childhood. While she testified that she can no longer do the housework she could do before the accident, it was never established that Mr. Andrus now does that work or that a third party is paid for doing it. Further, I do not see any proof in the record as to the difference between the Andruses’ pre- and post accident recreational activities. In so far as the couple’s sex life is concerned, it would appear that the jury, taking into account that Mr. Andrus was away from home for. extended periods, the age and physical condition of the couple, did not believe any award was due for this element of “damage”. Finally, I observe that, to date, the courts of this state have yet to find a husband’s worrying about his wife’s mental or physical health compensable as “loss of consortium”.
In sum, I find this case strikingly similar to that of Rossitto v. Jinks, 576 So.2d 1115 (La.App. 3 Cir.1991) where in this court, at 1117, observed:
*284 13As a result of the accident, Mrs. Rossitto suffers from chronic cervical strain and pain at the temporomandibular joint (TMJ). She has been unable to return to work and cannot perform the household chores that she once did. Activities with her children and relatives have been curtailed.
$ H* ‡ ‡ ‡ ⅛
The Rossittos contest the jury’s failure to award damages for loss of consortium to Mrs. Rossitto’s husband and three children. The compensable elements of damage in a loss of consortium claim are loss of society, sex, service, and support. La.C.C. art. 2315(B); Vidrine v. Government Employees Insurance Co., 528 So.2d 765 (La.App. 3d Cir.1988), writ denied, 532 So.2d 156 (La.1988). While it is true that Rossit-to’s activities with her husband and children may have been somewhat curtailed on occasion, there was no proof that the marital relationship and the mother-child relationships were adversely affected to any significant degree. Considering the broad discretion of the jury and the evidence in the record before us, we cannot say the dismissal of the consortium claims was clearly wrong.
Accordingly, for the reasons stated, I dissent.