JiDECUIR, Judge.
C.J. Budd filed suit seeking damages for injuries sustained in an automobile accident. Budd was a passenger in a vehicle driven by Patricia Hanks. As the Hank’s vehicle sat at the intersection of Tucker Drive and Ambassador Caffery Parkway in Lafayette, Louisiana, a vehicle driven by defendant, David Bourgeois, struck a vehicle driven by Courtney Ramsey causing it to go airborne and land on the hood of the Hank’s vehicle. Budd was thrown upward by the impact and struck the roof of the vehicle causing injury to his head and neck.
The defendant, and his insurer State Farm Mutual Automobile Insurance Company stipulated to liability. The case was tried to a jury on the issue of damages. The jury rendered the following verdict:
C.J. BUDD
PAIN AND SUFFERING $7,500.00
MEDICAL EXPENSES 3,904.56
LOST WAGES 1,200.00
DISABILITY 2,000.00
PUNITIVE DAMAGES 5,000.00
LOSS OF EARNING CAPACITY 0.00
LOSS OF CONSORTIUM 0.00
|2The jury declined to award any damages for loss of consortium to Budd’s two minor children. Budd moved for additur and/or new trial on the issue of punitive damages and moved for judgment notwithstanding the verdict on the issues of general damages, loss of earning capacity and loss of consortium.
The trial judge denied both motions. Budd appeals alleging abuse of discretion on the part of the jury and error on the part of the trial court with regard to their respective findings.
In reviewing an award for damages, the trier of fact is vested with much discretion. American Motorist Insurance Company v. American Rent-All, Inc., 579 So.2d 429 (La.1991). Before an appellate court can disturb an award made by the trial court, the record must clearly reveal that the trier of fact abused its discretion in making the award. In the event the appellate court finds from the record an abuse of discretion, the award may be disturbed by lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded the trier of fact. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Carollo v. Wilson, 353 So.2d 249 (La.1977); Migues v. Hebert, 93-1509 (La.App. 3 Cir. 6/1/94); 640 So.2d 670.
PAIN AND SUFFERING AND DISABILITY
Budd contends that the jury’s award of $7,500.00 for pain and suffering and $2,000.00 for disability is abusively low. This contention is based largely on comparison to similar cases in this and other circuits which made more substantial awards.
At the outset, we reiterate the position of this court that a damage award should be determined by the facts or circumstances peculiar to the ease under consideration. Berthelot v. Leday, 606 So.2d 1 (La.App. 3 Cir.1992); see also Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (La.1963). The primary objective of the trier of fact in fixing the award in a personal injury case is to adequately compensate the injured person for his injury under the facts shown to exist in his case. Berthelot, supra. The use of a scale of prior awards, made for generieally similar medical injuries, was expressly disapproved in Gaspard. It is clear that “such a hypothetical scale of hypothetical awards cannot be used to determine whether this trier of fact has abused its discretion in the award to this particular plaintiff under the facts and circumstances peculiar to this *432 case.” Reck v. Stevens, 373 So.2d 498, 500-501 (La.1979).
After carefully reviewing the entirety of the evidence, we cannot conclude that the jury’s award constitutes an abuse of discretion. While it is clear that Budd suffered some aggravation of his preexisting degenerative condition, the extent of that aggravation is unclear. The record reveals |3that Budd visited a physician the day after the accident and did not have an appointment with another physician until three months later. Budd next visited a physician ten months later. Budd testified on his own behalf that he consulted with emergency room physicians at the hospital where he worked on numerous occasions in the intervening periods, but these physicians did not testify at trial or by deposition and no medical records were produced to confirm the visits.
The physician that Budd finally began consulting concluded that Budd had a preexisting degenerative cervical disease which was aggravated by the accident in this ease. The doctor opined that surgery would only be a worst case scenario and recommended continued conservative treatment based on Budd’s continued complaints.
Given the erratic nature of Budd’s medical consultations, the absence of records to substantiate other visits, and the conflicting evidence regarding Budd’s disability and level of pain, we cannot say that the jury’s award is manifestly erroneous.
FUTURE MEDICAL EXPENSES
Future medical expenses, like any other damages, must be established with some degree of certainty. The plaintiff must show that, more probably than not, these expenses will be incurred. Awards will not be made in the absence of medical testimony that they are necessary and setting out the probable costs. Veazey v. State Farm Mutual Auto Ins., 587 So.2d 5 (La.App. 3 Cir. 1991).
Budd’s physician stated that he would need conservative treatment on an “as needed” basis and placed surgery in the worst case scenario category. Budd’s history of consultation with his physicians was erratic, and his testimony regarding his degree of discomfort conflicted with his son’s testimony to a degree and with his work habits even more. While plaintiffs past treatment costs might serve as a basis for a future award, it is clear that a very real question remains as to the actual necessity of future treatment. Under these circumstances, the jury who could evaluate the credibility of the claimant in person, was in the best position to make a determination regarding the necessity of future medical expenses. We cannot say that its determination was an abuse of discretion.
LOSS OF CONSORTIUM
In support of their claim for loss of consortium, the claimants argue that their father has had to limit the physical activity in which he can participate with them. They argue that the jury erred in failing to compensate them for this loss.
UThe evidence established that at the time of the accident, Budd had joint custody of his sons with one spending primarily summers with him and the other spending primarily the school year at home with him. There is no indication that the children encountered significant problems maintaining the household despite Budd’s injury.
Although Budd testified that there was a decline in his physical relationship with his sons, the testimony of one of his sons does not indicate that it was to any significant degree. In light of these facts, we do not find that the jury abused its discretion in failing to award damages for loss of consortium. See Devall v. Begnaud, 617 So.2d 1286 (La.App. 3 Cir.1993); Rossitto v. Jinks, 576 So.2d 1115 (La.App. 3 Cir.1991).
LOST WAGES
Budd contends that the jury award of $1200.00 for lost wages is inadequate and contrary to the evidence presented at trial. We disagree.
At trial Budd gave conflicting evidence regarding the actual number of days he missed from work. Contrary to Budd’s claim that his evidence regarding lost wages was uncontroverted, the record reveals that the defendants cross-examined Budd on this is *433 sue and revealed the very inconsistencies previously mentioned. Furthermore, Budd produced no time sheets or other evidence to support his claim.
As the only support for Budd’s claim for lost wages is his own self-serving testimony without corroboration by any other source, the jury’s award was generous given that such testimony alone cannot serve as the basis for such an award. Miller v. Mahfouz, 563 So.2d 1223 (La.App. 1 Cir.), writ denied, 569 So.2d 967 (La.1990); Beal v. New Orleans Public Service, Inc., 365 So.2d 1118 (La.App. 4 Cir.1978). As defendants do not dispute the judgment, the jury’s award will stand.
LOSS OF FUTURE EARNINGS CAPACITY
Budd contends that the jury erred in failing to make an award for loss of future earning capacity. We disagree.
Damages for loss of future earnings or future earning capacity are based upon the injured person’s ability to earn money, rather than on what he actually earned prior to injury. Cornett v. State Through W.O. Moss Hosp., 614 So.2d 189 (La.App. 3 Cir.), writ denied, 617 So.2d 907 (La.1993). Calculations of loss of future earnings are at best speculative and cannot be made with absolute certainty. Robinson v. Graves, 343 So.2d 147 (La.1977).
|sOur review of the record reveals no evidence sufficient to dispute the jury’s decision not to award damages for loss of future earning capacity. The evidence indicates that Budd earns more than his pre-accident wage and continues to work in his same job. There is no expert testimony regarding the economic impact of his injuries and there is a legitimate dispute as to the severity of those injuries. Accordingly, we find no error in the jury’s ruling.
PUNITIVE DAMAGES
Budd contends that the $5,000.00 exemplary damage award by the jury was insufficient. We disagree.
Defendant tested within the legal limits on the intoxilizer test and he was not ticketed for DWI. Despite these facts, the jury was convinced that the defendant was intoxicated at the time of the accident and that his intoxication was a cause in fact of the accident. The jury made an award of exemplary damages of $5,000.00 though they were not required to do so. Sharp v. Daigre, 555 So.2d 1361 (La.1990). Under the circumstances of this case, we cannot say the jury abused its discretion in making that award.
CONCLUSION
For the foregoing reasons, the judgment of the jury is affirmed. All costs of this appeal are assessed against appellants.
AFFIRMED.