| .BAGNERIS, Judge.
On August 19, 1993, Terry and John S. Battaglia and their children were involved in a collision with another vehicle being driven by Zachary T. Hall. The Battaglias filed suit against Zachary Hall, and his insurer Texas Farmers Insurance Company. After a bench trial, the judge found that John Battaglia’s negligence was the sole cause of the accident, and apportioned 100% fault to him and his insurer, Liberty Mutual Insurance Company. The judge awarded Travis Battaglia $25,000.00 in general damages, plus special damages in the amount of $9,600.26 and Terry Battag-lia $1,200.00 in general damages plus special damages in the amount of $236.00, finding that Terry Battaglia’s medical *121 problems were not causally related to the August 19,1993 accident.
On motion for new trial the trial judge maintained Liberty Mutual’s exception of prescription and dismissed plaintiffs’ suit.
The Battaglias appeal assigning two errors: (1) the trial court erred when it failed to find Zachary Hall contributed to the accident. (2) The Trial Court erred when it failed to find that Terry Battaglia’s injuries were causally related to the accident.

I;FACTS

On August 19,1993 at approximately 9:00 p.m. Terry, John and their two children, Travis and Jacob Battaglia were on their way home from K-Mart. John Battaglia was driving while Terry was in the front passenger seat holding Jacob, their infant son and Travis was in the rear driver’s side.
The Battaglia’s vehicle was exiting the parking lot of the K-mart at the intersection of Judge Perez Boulevard and Archbishop Hannan Boulevard in Meraux, Louisiana. The vehicle was struck as it exited the parking lot by a pick-up truck driven by Zachary Hall who was traveling north on Archbishop Hannan Boulevard. • The Battaglia vehicle spun and landed on the median.
The Battaglias were taken to the hospital due to the injuries sustained as a result of the accident. John Battaglia was given a citation for failure to yield a stop sign. Both vehicles were severely damaged. Zachary Hall was not injured. ASSIGNMENT OF ERROR NUMBER ONE
Terry and Travis Battaglia on appeal contend that the trial court erred in failing to find that Zachary Hall contributed to the accident. We disagree.
A trier’s findings as to percentage of fault are factual and in the absence of clear or manifest error, must be upheld on appeal. Courmier v. Travelers Insurance Company, 486 So.2d 243 (La.App. 3 Cir. 1986).
In Corvers v. Acme Truck Lines, et al., 95-925 (La.App. 5Cir.4/16/96), 673 So.2d 1088; a summary of the respective duties of each motorist can be found:
13A motorist who is about to enter a roadway from a private driveway is required to yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. LRS 32:124. Unusual, extreme, and high care toward favored traffic is required of such a motorist under the case law. (Emphasis supplied) (Cites omitted) Conversely, the duty of the driver on the favored street is the much lesser ordinary care and that the driver generally may rely on the assumption or presumption that those vehicles entering the roadway from less favored positions such as a private drive will not drive in to the path of favored traffic. The Motorist who is otherwise proceeding lawfully on the favored street is not required to look out for or search in anticipation of careless drivers who might enter his right of way from a private driveway in violation of the statuefstat-ute]. (Cites omitted) The motorist may not rely on the presumption or assumption on by the motorist who is proceeding unlawfully before or after he sees the intruding vehicle. (Cites omitted).
A driver entering the highway has a primary or high duty to avoid a collision; this duty becomes higher as the hazards increase and requires a motorist to use every means available to ascertain that his entry onto the highway may be made in safety. Such a driver is required to keep a lookout for vehicles on the highway and desist from entering until it is apparent to a reasonably prudent person that such can be done in safety. Corvers, supra.
 In the instant case, John Battag-lia was exiting the parking lot at K-Mart, entering a favored roadway from the park *122 ing lot, in rainy weather. John Battaglia, as the driver entering the favored street, owed a higher duty to avoid an accident than did Hall, who had the legal right of way. However, the favored driver can still be found contributorily negligent if his substandard conduct contributed to the cause of the accident. Hartdegen v. Juneau, 296 So.2d 334 (La.App. 4 Cir.1974), writ denied, 300 So.2d 184 (La.1974).
j4The burden of proving that the substandard conduct, such as speeding, caused or contributed to the accident is on the driver intruding into the favored street in violation of LSA-R.S.32:124. Corvers, supra.
Terri and Travis Battaglia contend that Zachary Hall was speeding, driving in the wrong lane and that his speed was excessive for the weather condition and that these traffic violations caused or contributed to the accident.
Zachary Hall at deposition testified that the Battaglia vehicle pulled out in front of him and he could not avoid hitting it. Also, he testified he did not know what speed he was traveling but he did not believe he was speeding.
James Taylor, the Investigating Officer, corroborated this statement by testifying at trial that based on his investigation which included interviewing both drivers and the eyewitness, Barry Adams, he concluded that Hall was not speeding nor had he committed any other traffic violations. Deputy Taylor testified that he estimated the speed of Hall’s vehicle prior to the accident to be at 20 m.p.h. He testified that John Battaglia was given a citation for failure to stop at the stop sign.
The police report that was introduced into evidence reflected the speed of Hall’s vehicle and diagrammed the impact of the vehicles. The diagram reflected that the impact between the two vehicles occurred in approximately the middle of the northbound lanes of Archbishop Hannan Boulevard.
| .¡Barry Adams, the eyewitness, testified that he had exited from a more southerly exit from the K-Mart parking lot and had turned north onto Archbishop Hannan Boulevard behind Hall’s vehicle, and he had no impression that Hall was speeding prior to the accident. Adams testified that he saw the Battaglia’s vehicle “pull out right in front of Hall’s vehicle.” He testified that he observed the Battaglia vehicle make a “quick stop” at the stop sign and proceed across Archbishop Hannan Boulevard. Further, he testified that the Bat-taglia vehicle was so close to the Hall vehicle that “there ain’t no way he could have stopped”. Adams testified that no portion of the Battaglia vehicle had completely crossed Archbishop Hannan before the impact, and it was still moving across the roadway when the collision occurred.
After our review of the record, we conclude that the plaintiffs failed to prove that Hall was speeding or that he was driving in the wrong lane or that the speed he was driving was excessive considering the weather condition. We find that John Battaglia as the driver entering into the favored street had a duty to proceed with extreme care but he failed to do so.
We find that the plaintiffs failed to sustain the burden of proving that Hall contributed to or caused the accident. Therefore, this assignment is without merit.
I ¿ASSIGNMENT OF ERROR NUMBER TWO
Because we agree with the trial court’s maintaining Liberty Mutual’s exception of prescription thereby dismissing plaintiffs suit, we do not need to address appellant’s second assignment of error.
Liberty Mutual and John Battaglia were sued after prescription had run. The suit against Hall would have interrupted prescription if he had been cast in judgment as a joint tort-feasor. His dismissal because of no fault eliminated him as a soli-dary obligor. Thus prescription was not *123 interrupted against Liberty Mutual and john Battaglia.

AFFIRMED.