h SULLIVAN, Judge.
The Plaintiffs in this automobile accident case appeal the trial court’s apportionment of fault and damage awards. For the following reasons, we affirm in part, reverse in part, and render.
Discussion of the Record
This accident occurred on March 13, 1997. At approximately 2:00 p.m., Gregory Shelvin was driving in a southerly direction on Railroad Avenue in Opelousas, Louisiana, when Lenora Joubert attempted to enter the street from a store parking lot. Shelvin’s Lincoln Continental struck Ms. Joubert’s Chevrolet Cavalier on its left side near the front wheel. Shelvin and his passengers, Roscoe Mallet, Marlon Es-pree, and Joseph Bell, filed the present suit against Ms. Joubert and her | ¿insurer, Allstate Insurance Company, for personal injuries allegedly sustained in the accident.
Shelvin testified that he was driving on Railroad Avenue when a car from a parking lot on the right suddenly pulled out in front of him. He immediately hit his brakes and turned his wheel to the left, but he could not avoid the collision. Ms. Joubert, who was seventy-six at the time of the accident, testified that she checked for traffic before entering the roadway, but she did not see anything before Shel-vin’s vehicle hit hers. At the time of impact, only the front half of her car was on the road, and because of the damage to her front wheel, she was unable to drive her car from the scene.
Shelvin and his three passengers were all treated by the same chiropractor, Dr. John Richard Ortego. Their medical history is somewhat complicated in that all four Plaintiffs were involved in a subse *162 quent accident on March 29, 1997, when a truck backed into their vehicle in a parking lot. Additionally, Shelvin and Mallet had been in another accident approximately two weeks before the instant one, on February 28, 1997. Shelvin and Mallet each reported at least one other accident after the March 29th one, and Bell had been in two previous accidents in the summer of 1996.
Dr. Ortego began treating Shelvin, Mallet, and Espree on the day of this accident and Bell fours days later. Dr. Ortego recorded mild muscle spasm and mild restriction of motion for all four patients, and he continued to treat them through the first two weeks of May 1997. Upon discharge, Dr. Ortego recorded that all four reported much improvement but with mild, intermittent continuing pain.
laAfter a bench trial, the trial court found Shelvin and Ms. Joubert each 50% at fault for their failure to keep a proper lookout. In awarding damages, however, the trial court found that the Plaintiffs’ injuries were not caused by this accident, which the trial court described as “relatively minor.” The trial court, therefore, declined to award any medical expenses and awarded each Plaintiff only $100 in general damages. The Plaintiffs have appealed, assigning three errors.
Apportionment of Fault
In their first assignment of error, the Plaintiffs argue that the trial court erred in assessing any fault to Shelvin, the favored driver, in the absence of any evidence of speeding, inattentiveness, or other substandard conduct. On the record before us, we must agree.
La.R.S. 32:124 requires a driver entering a highway from a private road or driveway “to yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.” In Valin v. Barnes, 550 So.2d 352, 355-56 (La.App. 3 Cir.), unit denied, 552 So.2d 399 (La.1989) (citations omitted), this court delineated the respective duties of each driver as follows:
A motorist who is about to enter a roadway from a private driveway is required to yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. Unusual, extreme, and high care toward favored traffic is required of such a motorist under the case law. Conversely, the duty of the driver on the favored street toward the intruding motorist is the much lesser ordinary care and that driver generally may rely on the assumption or presumption that those vehicles entering the roadway from less favored positions such as a private drive will not drive into the path of favored traffic. The motorist who is otherwise proceeding lawfully on the favored street is not required to look out for or search in anticipation of careless drivers who might enter his right of' way from a private driveway in violation of the statute. [La.R.S. 32:124.] The presumption or assumption may not be relied on by a motorist who is proceeding unlawfully before or after he sees the intruding vehicle.
_k- • • •
Furthermore, it is only in the exceptional case where the right-of-way motorist could have avoided the accident by the exercise of the very slightest degree of care that he will be considered guilty of negligence.
“The burden of proving circumstances, such as speed, which caused or contributed to the accident is on the driver intruding into a favored street in violation of La.R.S. 32:124.” Migues v. Hebert, 93-1509, p. 3 (La.App. 3 Cir. 6/1/94); 640 So.2d 670, 672.
In both Valin and Migues, this court reversed a trial court’s assessment of fault to the favored motorist. In Valin, the primary consideration was that the intruding vehicle entered the roadway only two seconds before the collision, leaving the favored motorist no time for evasive ac *163 tion. In Migues, we focused on the lack of evidence of any negligence of the favored motorist.
In the instant case, both considerations are present. At the time of the collision, only the front half of Ms. Jou-bert’s car was on the roadway. The position of her vehicle and the damage only over the front wheel strongly suggest that Ms. Joubert entered the roadway when Shelvin’s vehicle was “so close as to constitute an immediate hazard.” Valin, 550 So.2d at 355. In their appellate brief, Defendants argue that Shelvin was traveling between thirty-five and fifty miles per hour in a twenty-five miles per hour zone, based upon a statement in Mallet’s deposition. However, the quoted portion of the deposition is that “he [Shelvin] wasn’t going over forty or fifty, maybe thirty-five miles an hour.” We find this answer vague and insufficient to sustain Ms. Jou-bert’s burden of proof, given the high degree of care imposed upon her.
| sAn appellate court may reallocate fault only after finding an abuse of the trial court’s discretion and then only to the highest or lowest percentage of fault reasonably within the trial court’s discretion. Clement v. Frey, 95-1119, 95-1163 (La. 1/16/96); 666 So.2d 607. The trial court found Shelvin 50% at fault for the failure to keep a proper lookout. However, we find no evidence that supports this conclusion, considering the location of Ms. Joubert’s vehicle, the damage only to her left front fender, and the “relatively minor” impact. (Compare with Corvers v. Acme Truck Lines, 95-925 (La.App. 5 Cir. 4/16/96); 673 So.2d 1088, where the court affirmed 40% fault assessed to the favored motorist who collided with a truck’s rear wheels.) We, therefore, reverse that portion of the judgment assessing 50% fault to Shelvin, and we assess 100% fault to Ms. Joubert.
Damages
In their last two assignments of error, the Plaintiffs argue that the trial court erred in failing to award any medical expenses and in awarding only $100 in general damages to each Plaintiff. We find no error.
The trial court’s award was based on its finding that this accident did not cause the Plaintiffs’ injuries. In reaching this conclusion, the trial court first found that the impact was “relatively minor.” The trial court then expressed concern that four young men, between fifteen and twenty years old, claimed “all sorts of exotic complaints,” yet the other driver, then seventy-six years old, was uninjured. Alluding to the numerous other accidents, the trial court remarked that the four Plaintiffs were “an accident looking for a place to happen” and that “they were getting the facts of the accidents backwards as to how they received their injuries because some of the histories that [Dr. Ortego] gave were inconsistent with their own testimony.” _jjConcerning the Plaintiffs’ credibility, the trial court noted that none of the four were employed, that none offered a satisfactory explanation of why they were in Opelousas when they lived out of town, and that one Plaintiff “reeked of an odor of marijuana” while on the witness stand.
We find that the trial court’s reasons accurately characterize the evidence, and we offer additional concerns that support the trial court’s award. First we note the striking similarities in the length of treatment that each Plaintiff received and in the amount of each Plaintiffs medical bills. Three began treatment the day of the accident and one four days later; all were released in the first two weeks of May, 1997; and their medical bills ranged from $1,200 to $1,600. Second, we note that their treating chiropractor admitted that his opinions were based on the accuracy of the histories provided by the Plaintiffs. Finally, we note that three of the Plaintiffs have significant criminal histories, which we find relevant in assessing their credibility. Shelvin admitted to convictions for burglary, theft, possession of stolen things, *164 and possession of crack cocaine. Mallet admitted that he was convicted of burglary twice and of distribution of crack cocaine. Bell, who was a minor at the time of the accident, admitted to one conviction of “auto theft.”
The Plaintiffs argue that the medical evidence of their injuries is uncontra-dicted. However, as we stated in Davis v. Sonnier, 96-515, p. 16 (La.App. 3 Cir. 11/6/96); 682 So.2d 910, 919: “The trial court is not bound to accept the testimony of a physician, even in the absence of contradictory medical expert testimony.” In the present case, the trial court’s decision not to accept Dr. Ortego’s testimony is amply supported by the record.
17Pecree
For the above reasons the judgment of the trial court is reversed in part to assess 100% fault to Defendant, Lenora Joubert. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed one-half to Plaintiffs and one-half to Defendants.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.