TATE, Judge.
The plaintiff sues to recover for the damage to his Cadillac resulting from an accident of March 2, 1960. The trial court held that the negligence of the plaintiff’s employee, Matthews, who was driving the vehicle at the time, was the sole proximate cause of the accident. The plaintiff appeals.
The accident occurred in the late afternoon at the intersection of Shell Beach Drive and Lake Street in the City of Lake Charles. Immediately prior to the accident, the plaintiff’s Cadillac driven by Matthews was approaching the intersection from the west, and a Chevrolet driven by the defendant’s assured was approaching it from the opposite direction, closely followed by a Thunderbird automobile driven by Dr. Smythe.
All three of these vehicles were on Shell Beach Drive. At the intersection, the Louis Chevrolet turned left onto Lake Street; Matthews applied the brakes on the plaintiff’s Cadillac, which then skidded and collided with the Smythe vehicle, which had drawn off on the shoulder to the right.
The trial court held that the negligence of Matthews, the plaintiff’s chauffeur, was the sole proximate cause of the accident. It therefore dismissed the plaintiff’s suit against Louis’ insurer, Allstate. At the same time, it awarded judgment against the plaintiff in favor of Smythe’s collision insurer, Travelers (which had intervened in the suit to assert its subrogation claim), for the property damage sustained by the Smythe vehicle.
On this appeal, the plaintiff primarily seeks to hold the defendant liable for the damages to the plaintiff’s car sustained in the accident, on the ground that the negligence of the defendant’s insured in turning left under the circumstances was the sole proximate cause of the accident. Alternatively, the plaintiff urges that such negligence of the defendant’s assured was at least a concurrent proximate cause, so that the defendant should be cast solidarily with the plaintiff for the" damages to the Smythe vehicle (i. e., if we do not agree with the plaintiff’s primary contention that his chauffeur, as the approaching motorist, was entirely free of negligence contributing to the accident) .
Pertinent statutory enactments provide: Under LSA-R.S. 32:235, subd. A, a driver must, before turning, ascertain that there is no traffic “approaching from either direction which will be unduly delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.” Under LSA-R.S. 32:237, subd. B: “The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of his vehicle * *
In Johnson v. Wilson, La.App. 1 Cir., 97 So.2d 674 (reversed on facts, 239 La. 390, 118 So.2d 450), the decisions involving the negligence of a left-turning driver were analyzed as falling into three general patterns, 97 So.2d 678-679:
“(1) Cases holding that the sole proximate cause of the accident was the negligence of the driver turning left suddenly and/or without signal and in the immediate path of and without yielding the right of way to approaching traffic. * * * [Citations omitted]; or holding that the left-turning driver had the clear chance to avoid the accident, * * * [Citation omitted].
“(2) Cases holding that the negligence of the left-turning driver in doing so without signalling and/or yielding the right of way and/or observing the rear vehicle; and of the overtak *819 ing driver in not making sufficient observation and/or failing to slow and/or continuing to approach the turning vehicle at a high speed; both contributed to the accident so as to bar recovery by either party. * * * [Citations omitted.]
“(3) Cases holding free of negligence the left-turning driver, who made proper signal and commenced a left turn upon a reasonable belief after observing approaching traffic that such turn would not unduly interfere with the progress of such approaching traffic despite which an accident occurred; the sole proximate cause of which was held to be the excessive speed, lack of lookout, and/or lack of control on the part of the approaching vehicle in failing to observe the seasonably-sig-nalled left-turn intent of the other vehicle and continuing an approach theretowards without attempting to bring the approaching vehicle under control. * * * [Citations omitted.]
The plaintiff of course cites and relies upon decisions in the first category listed above, which held that the negligence of the .left-turning driver was the sole cause of the accidents in question; while the defendant of course relies upon decisions in the third category, which held that the sole cause of those accidents was the negligence of the driver approaching the intersection at which the other driver turned left. We think that the trial court correctly concluded that the present facts show the latter to be the case.
The facts found by the trial court and preponderantly reflected by the record show that the Louis vehicle, having used its directional lights to signal its intention of turning left for half a block prior to the Lake Street intersection, turned left into Lake Street when the plaintiff’s Cadillac was more than 100 feet away. The speed limit at the place of the accident was 35 mph. Matthews, the plaintiff’s driver, applied the brakes on the Cadillac, skidded 47 feet, released them, applied them again and skidded 12 feet, released them and skidded another 28 feet, coming to rest about 85 feet past and east of the intersection, which was also 324 feet east of the point at which his brakes were first applied; having in the process skidded into the Smythe Thunderbird, which at the time was 10-15' east of the intersection, and caused damage both to it and to the Cadillac in the respective amounts of $407.75 and $867.34.
While, as argued, the dampness of the pavement may have contributed somewhat to the excessive length in which it took Matthew to bring the Cadillac to a stop, we agree with the trial court that the factual circumstances related do demonstrate an excessive speed of the Cadillac under the circumstances; probably in excess of 45 mph, as estimated from the testimony of the witnesses and the stopping distance charts introduced into evidence. Further-both from the length before the intersection at which the Cadillac’s skidmarks first commenced, and also from the circumstance that the Louis Chevrolet safely completed its left turn and was three or four car lengths down Lake Street before the impact between the plaintiff’s Cadillac and the Smythe vehicle occurred, we agree with the trial court’s conclusion that the Louis vehicle commenced its left turn when the Cadillac was sufficiently distant from the intersection as to have led Louis reasonably to conclude that he could safely complete his own turn without danger to the Cadillac or delay to its progress, had the latter vehicle been approaching at a lawful rate of speed such as Louis could reasonably expect and rely upon.
As stated in Faulkner v. Ryder Tank Lines, Inc., La.App. 2 Cir., 135 So.2d 494, certiorari denied, at 135 So.2d 496-497: "* * * a motorist who desires to make a left turn on a city street is not required by law to wait until there is no traffic in sight before attempting to do so.” The decision further notes that the motorist may *820 turn left in reliance upon a presumption that traffic he observes is approaching at a legal speed, and that he will be held free of negligence when an accident results because of excessive speed on the part of the oncoming vehicle which he could not reasonably anticipate. See also: McDaniel v. Walker, La.App. 2 Cir., 111 So.2d 208; Short v. City of Baton Rouge, La.App. 1 Cir., 110 So.2d 825; Newman v. Southern Farm Bureau Cas. Ins. Co., La.App. 1 Cir., 110 So.2d 816.
We therefore affirm the trial court’s holding that the sole proximate cause of the present accident was the negligence of the plaintiff’s employee in operating his automobile at an excessive speed and with lack of sufficient control under the circumstances.
Accordingly, the judgment of the district court is affirmed, at the cost of the plaintiff-appellant.
Affirmed.