466 So.2d 485 (1985)
Mrs. Winnie Plaisance, Wife of/and Freddie PLAISANCE
v.
Mary EPHERSON and Maryland Casualty Insurance Company.
No. 84-CA-196.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1985.
Rehearing Denied April 17, 1985.
*486 Gerald J. Leydecker, New Orleans, for Mrs. Winnie Plaisance, plaintiff-appellant.
H. Edward Ellzey, Metairie, for Freddie Plaisance, plaintiff-appellant.
Robert J. Neal, New Orleans, for Maryland Cas. Co., defendant-appellee.
Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, Harvey L. Strayhan and Henry E. Yoes, III, New Orleans, for Mary Epherson and State Farm Mut. Auto. Ins. Co., defendants-appellants/appellees.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
CHEHARDY, Judge.
Mrs. Winnie Plaisance and her husband, Freddie Plaisance, instituted this suit for personal injuries received by the wife as a guest passenger in her husband's automobile. Mrs. Plaisance's claim is for personal injuries and Mr. Plaisance sues for medical expenses expended on her behalf.
Named defendants are Mary Epherson, driver of the other vehicle involved, and her insurer, State Farm Mutual Automobile Insurance Company. A direct action was brought against Mr. Plaisance's insurer, Maryland Casualty Company.
State Farm, subrogated to the rights of its insured Mrs. Epherson, reconvened and intervened for $508.49, the sum paid its insured for the repair of her vehicle. Defendants-in-reconvention were Mr. Plaisance and his insurer, Maryland Casualty.
Following trial, judgment was rendered in favor of Mrs. Plaisance against all defendants in the sum of $10,500, and there was judgment on the reconventional demand in favor of State Farm against defendants-in-reconvention in the sum of $204.40.
The judgment was based upon a finding that Mrs. Epherson was 60 percent at fault in causing the accident and Mr. Plaisance was 40 percent at fault.
Plaintiffs have appealed as to quantum and State Farm contests the amount of its award for property damages. Maryland Casualty has neither appealed nor answered the appeal.
*487 While plaintiffs' and defendants' versions of the accident are diametrically opposed, these facts appear to be uncontested:
The accident occurred on May 29, 1982 about 6 or 6:30 p.m. at the intersection of Westwood Boulevard and the Westbank Expressway in Jefferson Parish when Mr. Plaisance, travelling northbound toward the river on Westwood, made a left-hand turn onto the Westbank Expressway in front of Mrs. Epherson who was proceeding south on Westwood, across the intersection, resulting in the Epherson vehicle striking the Plaisance automobile on the passenger side, where Mrs. Plaisance was seated.
The busy intersection is controlled by a semaphore light.
Plaintiffs' version of the accident is that as they reached the expressway Mr. Plaisance, the driver, stopped for a red light. After the light turned green he proceeded across the eastbound lanes of the expressway, traversed the neutral ground area and intended to turn left onto the westbound lanes of the expressway. However, when he reached the westbound lanes, although he had a green light in his favor, he was not able to make a left-hand turn because he had to yield to approaching traffic on the opposite side of Westwood Boulevard which also had a green light.
After waiting for those cars to pass, the light turned from green to red and he then proceeded to make his left-hand turn. Just before starting his turn he saw a van stopped before entering the intersection on Westwood, presumably for a red light, and after Plaisance turned left in front of the stopped van, his car was struck by the Epherson vehicle.
Defendants' version of the accident is that Mrs. Epherson, driving south on Westwood stopped at the light along with several other vehicles, and when it turned to green, she proceeded across the intersection, at which time Mr. Plaisance turned left directly in front of her and the accident was unavoidable. All of her witnesses also stated the light was green when she started to cross.
The trial judge found that despite obvious conflicts in the testimony both drivers were responsible for Mrs. Plaisance's injuries. He concluded that Mr. Plaisance made the turn after the light was red on Westwood Boulevard and that Mrs. Epherson, in her zeal to cross the intersection, attempted to cross the expressway when the light was yellow and in fact struck the Plaisance vehicle when the light was red. He concluded Mrs. Epherson was 60 percent at fault and Mr. Plaisance was 40 percent at fault.
We cannot agree that the evidence supports the trial court's conclusion. We are impressed with the testimony of Deputy Ray Bedwell, the investigating police officer, a disinterested witness who stated that at the scene of the accident Mr. Plaisance gave him a statement that he had made the turn on a green light.
Under our jurisprudence a motorist attempting to turn left must make certain the turn can be made without danger to normal overtaking or oncoming traffic and he must yield the right of way to such vehicles. He must refrain from making the left turn unless the way is clear, and if a collision occurs while he is attempting such a maneuver the burden is upon him to show that he was free from negligence. Washington Fire and Marine Ins. Co. v. Firemen's Ins. Co., 232 La. 379, 94 So.2d 295 (1957); Casimere v. Ryder Truck Rental, Inc., 324 So.2d 855 (La.App. 4 Cir. 1975); Estes v. Hartford Accident & Indemnity Company, 187 So.2d 149 (La.App. 2 Cir.1966); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
We are satisfied that Mrs. Epherson did not have sufficient time to avoid the accident after she proceeded into the intersection and became aware that Mr. Plaisance was making a turn directly in front of her.
The burden of proving freedom from negligence in executing the turn rests upon the person making the turn. In our view Mr. Plaisance has not carried that burden. *488 Plaintiffs also bear the burden of showing negligence on the part of Mrs. Epherson and any negligence on her part has not been established to our satisfaction.
Thus we find the sole proximate cause of the accident was the negligence of Mr. Plaisance and he and his insurer, Maryland Casualty Company, are liable to Mrs. Plaisance for her injuries.
The only expert witness to testify as to Mrs. Plaisance's injuries was Dr. Jack Winters, an orthopedic surgeon who was her treating physician.
Mrs. Plaisance was taken to the emergency room of West Jefferson Hospital by ambulance. She was admitted to the hospital with a comminuted fracture of the right humerus and multiple abrasions and contusions.
Dr. Winters testified X rays showed multiple breaks in the upper arm bone and the lower part of the bone was in one fragment. The bone was protruding through an open wound. He operated on the arm and fixed the fracture with multiple screws. The plate still remains in her arm. She was hospitalized from May 29 to June 12 and left the hospital in a cast and a sling. Her injury was slow to heal.
Three months after the accident the sling was removed but the use of the cast, which extended from the elbow to the wrist, was continued. The cast was removed on August 30, 1982. In September, October and November she had a frozen shoulder.
Ten months after the accident she was gradually mobilizing her joints. The following month (April 1983) she still had some restriction in movement. The doctor stated she had a 20-percent permanent partial functional impairment involving the right upper extremity.
The medical expenses stipulated to by all counsel amount to $7,055.51. Since the lump sum award did not differentiate between special and general damages, plaintiffs claim this in effect means that of the total award of $10,500 only $3,444.49 compensates Mrs. Plaisance for her personal injuries.
We consider the judgment is low and would raise it, however, the limit of liability under the basic provision of the plaintiff's policy is only $5,000 per person.
Neither can we raise it under the uninsured motorists provision of the Plaisance policy, because our uninsured/underinsured motorist statute does not mandate coverage when the cause of accident is the negligence of the host driver.[1]Nall v. State Farm Mut. Auto. Ins. Co., 406 So.2d 216 (La.1981); Breaux v. Government Emp. Ins. Co., 369 So.2d 1335 (La.1979); Clement v. Continental Ins. Co., 430 So.2d 1212 (La.App. 1 Cir.1983).
In view of our determination on liability we agree with the appeal of State Farm concerning its reconventional demand. It is entitled to judgment of $508.49, the full sum it paid its insured, against Mr. Plaisance and his insurer, Maryland Casualty.
Although we note the Maryland Casualty policy issued to Mr. Plaisance limits its liability to $5,000 per person, it has neither appealed nor answered the appeal. Thus the judgment against it for $10,500 is final.
For the reasons assigned the judgment appealed from is affirmed in part, reversed in part, amended and recast as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff Winnie Plaisance against defendant Maryland Casualty Company in the sum of $10,500 plus interest from date of judicial demand and all costs.
It is further ordered that there be judgment herein in favor of plaintiff-in-reconvention and petitioner-in-intervention State Farm Mutual Automobile Insurance Company against defendants-in-reconvention, Freddie Plaisance and Maryland Casualty Company, in the sum of $508.49 together with interest from date of judicial demand.
*489 All costs in both courts are to be paid by Maryland Casualty Company.
AFFIRMED IN PART; REVERSED IN PART; AMENDED AND RECAST.
NOTES
[1] LSA-R.S. 22:1406(D)(2)(b) extends the definition of uninsured motor vehicle to include an underinsured vehicle, where liability coverage is less than the amount of damages suffered by the insured.