UCANNELLA, Judge.
In this zoning dispute, Plaintiffs, Sandra and Steven LaGraize and Estate Developments, L.L.C., appeal a judgment nullifying a decision of the Jefferson Parish Zoning Appeals Board (Board). We dismiss the appeal.
In February 1997, Plaintiffs purchased from the State of Louisiana, Department of Transportation and Development (DOTD)a piece of property to be used as a real estate office. The property had been in use since 1959 by the DOTD, although it was zoned residential. In 1959, the DOTD had the right to use the property as a permitted use for public purposes. At that time, prior approval by the Parish of Jefferson (Parish) of the use by the DOTD was not required. In 1966, the zoning Ordinances were changed to require prior approval of the Jefferson Parish Council for such public use. Plaintiffs purchased the property believing it to be a nonconforming use, which would permit them to operate an office in the building.
After acquiring the property, Plaintiffs applied for a building permit to make certain improvements. On March 13, 1997, the permit application was Udenied on the grounds that an office building was not a permitted use in the R-l, single-family residential district. This decision was appealed to the Board. On May 12,1997, the Board ruled in favor of Plaintiffs to allow the use.
Three days later, Plaintiffs received a letter from an assistant parish attorney advising them that the decision of the Board had been rescinded by him. He claimed that, in his opinion, the property was not non-conforming, but a permitted use. Thus, he concluded that the Board did not have jurisdiction to hear the case, since a decision by it would constitute rezoning by the Board, which is specifically prohibited by the ordinances which grant the Board its authority. No other action was taken by the Parish to overturn the decision of the Board.
As a result, on July 12, 1997, Plaintiffs filed a Petition for Declaratory Judgment asserting that the decision of the Board was final since the Parish failed to contest the decision within thirty days, as required by ordinance. They further asserted that the assistant parish attorney had no authority to rescind any decision of the Board. An amended petition was filed on July 17, 1997, alleging a deprivation of property without due process of law under both the Louisiana Constitution and the United States Constitution. On that same day, Plaintiffs filed a Motion for Partial Summary Judgment on the issues asserted in the original petition. A hearing on the partial summary judgment was held on October 24, 1997.
On October 28, 1997, the Parish filed a Petition to Annul the decision of the Board. The cases were consolidated on October 29, 1997. Various exceptions were filed by Plaintiffs subsequently, and denied.
In the briefs before this Court, the Parish alleges that on December 8, 1999, a pre-trial conference was held and the parties reached certain agreements. | .(However, there is no record of this conference in the record of the proceedings. The minute entry for January 10, 2000 indicates that a “Trial on the merits” was “taken up and submitted on briefs.” However, according the court reporter’s note in the record nothing was transcribed. Thus, there is no indication as to which issues were tried. On April 12, 2000, the trial judge rendered a judgment that grants the Parish’s demand for nullity. It does not dismiss the Plaintiffs’ claims set out in the original or amended petitions, nor does it mention Plaintiffs motion for summary judgment.
The procedural facts indicate that the judgment before this Court is a partial judgment that is not appealable at this time. Under La.C.C.P. art. 1915(B), as amended in 1997, the version of the article in effect when this judgment was rendered, a partial judgment must be designated as a final judgment as a prerequisite *1240 for an immediate appeal.[1] The article states, in part:
Art. 1915 Partial judgment; partial exception; partial summary judgment
* * M:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, re-conventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of | Rthe judgment adjudicating all the claims and the rights and liabilities of all the parties....
In this case, the trial judge granted the petition for nullity, concluding that the property was not subject to a non-conforming use, but was a permitted use for the DOTD, which could not benefit Plaintiffs. Although the trial judge did not rule on Plaintiffs’ original petition, which asserted the finality of the Board’s decision and challenged the assistant parish attorney’s authority to rescind the decision, by the silence of the judgment, we can presume that the trial judge denied those claims and the partial motion for summary judgment when she rendered judgment for the Parish. A hearing on the partial motion for summary judgment was held October 1997 and the nullity action directly affects those initial claims by Plaintiffs. Furthermore, those claims involve issues of law. That is not the case with the outstanding claims asserted in the amended petition relative to the constitutional issues. Although the judgment states that Plaintiffs were not denied due process of law, according to the record, no hearing was held on the constitutional issues. Since these claims require the trial judge to make factual findings, Plaintiffs are entitled to a trial on the merits. Because the claims have not been resolved after a hearing, this is an interlocutory partial judgment and not appealable under C.C.P. art. 1915. Furthermore, we find that the issues are so intermingled that a partial appeal would not be appropriate. Thus, the appeal must be dismissed. See: Berman v. DeChazal, 98-81 (La.App. 5th Cir. 5/27/98), 717 So.2d 658.
Accordingly, the appeal is hereby dismissed and each party is to bear its own costs.
APPEAL DISMISSED.

. The Legislature amended the article again in La. Acts 1999 No. 1263. However, both the 1997 amendment, effective July 1, 1997 and the 1999 amendment are to be given prospective application. See: La. Acts 1999, Act 1263 § 3 and Severson v. St. Catherine of Sienna Catholic Church, 97-1026 (La.App. 5th Cir. 2/11/98), 707 So.2d 1026, 1029; writ denied, 98-1653 (La.4/24/98), 717 So.2d 1178.