BROWN, Chief Judge.
 

 11 This vehicular accident occurred on May 4, 2006, at approximately 7:55 a.m. at the intersection of Milam Street and Pierre Avenue in Shreveport, Louisiana. Plaintiff, Patricia Green, was driving a 1993 Chevrolet Astro east on Milam Street, which is a two-lane street with a turn lane at its intersection with Pierre Avenue. Plaintiff was completing a left-hand turn onto Pierre Avenue when defendant, Cynthia Claville, who was driving a 1992 Honda Accord west on Milam, hit the rear, passenger side of plaintiffs vehicle. The damage was behind the rear wheel and to the fender and bumper. Both vehicles had a guest passenger; however, neither testified at trial.
 

 Plaintiff filed suit against defendant and Safeway Insurance Company, in solido.
 
 *1037
 
 Trial was held on April 17, 2008. Following the testimony of five witnesses, the trial court assessed defendant with 75% fault and plaintiff with 25% fault. The trial court stated that its finding was primarily based upon the testimony of Rhonda Roberson. Ms. Roberson, who was stopped at the southbound red light on Pierre Avenue, witnessed the accident and testified that defendant was traveling very fast. Defendant appealed. We affirm.
 

 Discussion
 

 A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong.
 
 Touchard v. Slemco Elec. Foundation,
 
 99-3577 (La.10/17/00), 769 So.2d 1200. If the trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had |2it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Rosell v. ESCO,
 
 549 So.2d 840 (La.1989). A factfinder’s determination regarding the credibility of witnesses is afforded great deference since only it can be aware of the variations in demeanor and tone of voice that bear heavily on its evaluation.
 
 Id.
 
 It is within the trial court’s wide discretion to credit the testimony of one of two or more witnesses.
 
 Touchard, supra.
 

 After a thorough review of the record in its entirety, we cannot conclude that the trial court was manifestly erroneous or clearly wrong in its allocation of fault. The trial court heard both plaintiff and Ms. Roberson testify that defendant was driving in a fast manner, while only defendant testified that she was not speeding. Defendant’s witness, Robert Bryant, was northbound on Pierre Avenue and saw the accident; however, he was looking at plaintiffs vehicle and not defendant’s. The trial court also considered defendant’s testimony that she often drove through the intersection where the accident occurred and knew it was a dangerous intersection.
 

 . Defendant argues that the trial court erred by not properly applying the law applicable to a left turning motorist. This argument, however, is without merit. The trial court discussed the case law pertaining to the presumption of negligence on the left turning motorist involved in a motor vehicle accident. Yet, after considering the law regarding left turning motorists, the trial court determined that the predominant factor in the accident was defendant’s speed. Since a left turning motorist may be found |3free of negligence when the collision results because of an oncoming vehicle’s excessive speed, the trial court was not clearly wrong in its application of the law regarding left turning motorists.
 
 See Severson v. St. Catherine of Sienna Catholic Church,
 
 97-1026 (La.App. 5th Cir.02/11/98), 707 So.2d 1026,
 
 writ denied,
 
 98-0653 (La.04/24/98), 717 So.2d 1178.
 

 Conclusion
 

 For the reasons stated herein, the allocation of fault as set forth by the trial court is hereby affirmed. Costs are assessed to defendant.